104 Cal.Rptr.2d 278 (2001)
87 Cal.App.4th 415
COUNTY OF RIVERSIDE, Plaintiff and Appellant,
v.
Louis NEVITT, Defendant and Respondent.
No. E026724.
Court of Appeal, Fourth District, Division Two.
February 14, 2001.
As Modified March 7, 2001.
Review Denied May 16, 2001.[*]
*279 Grover C. Trask, District Attorney, and Glen O. Brandel, Deputy District Attorney, for Plaintiff and Appellant.
Louis Nevitt, in pro. per, for Defendant and Respondent.

OPINION
WARD, J.
Plaintiff and appellant County of Riverside (County) and defendant and respondent Louis Nevitt (father) entered into a stipulated judgment for child support and reimbursement to County for welfare benefits expended on behalf of Sarah N. (the child). The trial court set aside this stipulated judgment based on mutual mistake of law and recalculated the child support.
On appeal, County contends that the trial court erred in setting aside the stipulated judgment.[1] In the alternative, County contends that the trial court erred in its re-calculation of child support payments. We reverse the trial court's order setting aside the stipulated judgment.

FACTUAL AND PROCEDURAL HISTORY
County filed suit against father on August 25, 1997, under Welfare and Institutions Code sections 11350, 11350.1 and 11475.1 [2] to establish that father is the father of the child, to establish a child support order, and to establish an order to reimburse County for Aid to Families with Dependent Children (AFDC) benefits expended on behalf of the child.
On March 26, 1998, the parties entered into a stipulated judgment whereby father admitted paternity of the child, agreed to pay child support in the amount of $134 per month, and agreed to reimburse County for aid expended in the amount of $536 for the period from September 1, 1997 through December 31, 1997.
Thereafter, on November 18, 1998, the parties entered into a new stipulated judgment. Father agreed to pay $543 per month for child support and to reimburse County $2,528.50 for aid expended on behalf of the child. This stipulated judgment is the subject of this appeal.
Three months later, father filed a motion to set aside the stipulated judgment of November 18, or in the alternative to modify child support, based on mistake of law. Father stated that he agreed to an increased amount of child support in the stipulated judgment because both he and counsel for County believed that the two inheritances that father had received, which totaled $53,423.46, should be considered as income. In the motion, father argued that an inheritance is not income for purposes of calculating child support.
The trial court agreed with father and granted his motion to set aside the stipulated judgment, and excluded the principal of the inheritance from the calculation of child support. County appeals.

ANALYSIS

The Trial Court Erred in Setting Aside the Stipulated Judgment
County contends that there was no mistake of law because an inheritance is considered as income for purposes of calculating child support. Hence, the trial court *280 erred in setting aside the stipulated judgment. We agree.

A. Standard of Review
Matters presenting pure questions of law, not involving the resolution of disputed facts, are subject to the reviewing court's independent or de novo review. (Ghirardo v. Antonioli (1994) 8 Cal.4th 791, 799, 35 Cal.Rptr.2d 418, 883 P.2d 960.)

B. Father's Inheritance Can Be Considered for Purposes of Calculating Child Support
In County of Contra Costa v. Lemon (hereafter Lemon) (1988) 205 Cal. App.3d 683, 252 Cal.Rptr. 455, a noncustodial father's lottery winnings were considered as income for purposes of calculating child support. In Lemon, the custodial parent, the mother, received Aid to Families With Dependent Children (AFDC). The child's father earned an annual estimated income of $7,000 from doing odd jobs, but had never paid child support following his separation in 1983 from the mother. In 1986, the father won $100,000 in the state lottery, receiving the net proceeds of $75,000. As part of the dissolution proceedings, $15,000 of that sum was placed in the trust account of the father's attorney. The county intervened and sought AFDC reimbursement. The trial court found the lottery proceeds received was property, not income, for purposes of calculating the father's support obligation. The county appealed.
The Court of Appeal acknowledged that the statute that defined income, former Civil Code section 4721, did "not specifically include lottery winnings within the definition of income."[3](Lemon, supra, 205 Cal.App.3d 683, 688, 252 Cal.Rptr. 455.) Nevertheless, the court stated that "the broad reach of the statute satisfie[d] [the court] that the Legislature intended to include such items as lottery winnings within its reach." (Ibid.) Therefore, the court held that the lottery winnings should have been considered in calculating the annual gross income of father for purposes of determining his obligations to provide support to his child. (Ibid.) There is no reason why inheritances should be treated differently than lottery winnings.
In County of Kern v. Castle (hereafter Castle) (1999) 75 Cal.App.4th 1442, 1445, 89 Cal.Rptr.2d 874, a case decided after the parties here had entered into the stipulated judgment, the court of appeal held that a "father's inheritance is not income for purposes of calculating his annual *281 gross income...." under Family Code section 4058. The court, however, distinguished its holding from Lemon because "the custodial parent was not receiving, and never did receive AFDC benefits for [the child]." (Id., at p. 1451, 89 Cal. Rptr.2d 874.) In fact, the court went on to state that, if the child were being supported by AFDC benefits and the father's actual income was insufficient to provide the minimum basic standard, "Lemon would be controlling and the trial court would have had to consider the inheritance received by [the father] in determining child support." (Ibid)
In this case, the motion to set aside the stipulated judgment was granted because father successfully argued that his inheritance should not be included as income to determine his obligation to provide child support. The trial court stated that Lemon did not apply. "I think Lemon is very distinguishable. That's a lottery winnings case. That's not a gift from the relative. And case law and statute are very clear that gifts, which is what an inheritance clearly is, is not income."
Contrary to the trial court's ruling. Lemon is controlling. In this case, as in the Lemon case, there is no dispute that mother received AFDC benefits on behalf of the child. Moreover, it appears that father's actual income was insufficient to provide the minimum basic standard. Hence, under the analysis in Lemon and Castle the inheritance received by father must be considered in determining child support. (Castle, supra, 75 Cal.App.4th 1442, 1451, 89 Cal.Rptr.2d 874; Lemon, supra, 205 Cal.App.3d 683, 688, 252 Cal. Rptr. 455.)
In conclusion, there was no mistake of law in considering father's inheritance as income for the purposes of calculating child support. Accordingly, the trial court improperly set aside the stipulated judgment based on alleged mistake of law.[4]

DISPOSITION
The trial court's January 10, 2000, order setting aside the stipulated judgment of November 18, 1998, is reversed. Correspondingly, the orders of January 19, 2000 and January 20, 2000, setting forth revised child support obligations of father, are also reversed. The trial court is directed to vacate its orders dated January 10, January 19, and January 20, 2000, and to reinstate the stipulated judgment of November 18, 1998. Plaintiff shall recover costs on appeal.
McKINSTER, Acting P.J., and GAUT, J, concur.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of CourtRules 976 and 977.)
[1] Father did not file a respondent's brief.
[2] These sections under the Welfare and Institutions Code are now contained in Family Code sections 17400, 17402, and 17404.
[3] In 1993, seven years after Lemon, Civil Code section 4721 was repealed. Former section 4721 is continued without substantive change in Family Code sections 4055-4069. Former section 4721 provided "that annual gross income `includes, but is not limited to' salaries, bonuses, interest, worker's compensation benefits, unemployment insurance benefits, and disability insurance benefits. [Citation]." (Lemon, supra, 205 Cal.App.3d 683, 688, 252 Cal.Rptr. 455.) Family Code section 4058, which replaced former Civil Code section 4721, is almost identical. It states:

"(a) The annual gross income of each parent means income from whatever source derived, except as specified in subdivision (c) and includes, but is not limited to, the following:
"(1) Income such as commissions, salaries, royalties, wages, bonuses, rents, dividends, pensions, interest, trust income, annuities, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, social security benefits, and spousal support actually received from a person not a party to the proceeding to establish a child support order under this article.
"(2) Income from the proprietorship of a business, such as gross receipts from the business reduced by expenditures required for the operation of the business.
"(3) In the discretion of the court, employee benefits or self-employment benefits, taking into consideration the benefit to the employee, any corresponding reduction in living expenses, and other relevant facts."
[4] County also contends that the trial court erred in calculating child support in its orders dated January 19, 2000 and January 20, 2000 "because insufficient income was attributed...." We need not address that issue because we reverse the court's order setting aside the stipulated judgment.